UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,	No. 06-51049

        Plaintiff,	District Judge Sean F. Cox

v.	Magistrate Judge R. Steven Whalen

AA CAPITAL PARTNERS, INC., ET AL.,

        Defendants.
                                                 /

**OPINION AND ORDER**

This matter arises out of a case pending in the United States District Court for the Northern District of Illinois, *United States Securities and Exchange Commission v. AA Capital Patners, Inc. and John A. Orecchio*, No. 06-cv-4859. In that action, the SEC alleges that the Defendant AA Capital Partners, an investment firm, and its former president, John A. Orecchio, defrauded clients by misappropriating over $10 million in client funds. Before this Court is a Motion for Protective Order [Docket #1] filed by non-parties Thomas Moses and Mannecorp, Inc. For the reasons set forth below, the motion will be DENIED.

        **I.    BACKGROUND FACTS**

The SEC states that based on information garnered thus far, it appears that Mr. Orecchio diverted investor money to non-parties Mannecorp and to Mr. Moses. The SEC

alleges that one of Orecchio's businesses paid Mannecorp more than $400,000, and that checks signed by Orecchio and payable to Mr. Moses total nearly $200,000. Moses and Mannecorp reside in this District.

The SEC issued a subpoena *duces tecum* to Mr. Moses, requesting production of the following documents:[1]

1. All documents relating to John Orecchio, AA Capital Partners, Inc., Lonyo L.L.C., M&J Animal Rescue and J&R Ventures, LLC, including, but not limited to, any agreements with, or payments received from, any of them;

2. All documents relating to bank accounts in Your name, or Mannecorp's name, or in which You or Mannecorp have a financial interest;

3. Copies of all tax returns filed on behalf of yourself or Mannecorp within the past three years.

The subpoena sets forth the following time period:

5. "Unless otherwise specified, the subpoena covers all documents which came into existence **during the period January 1. 2003 through the present**, or which in any way relate t events occurring during that period." (Emphasis in original).

Lonyo, L.L.C., M &J Animal Rescue and J&R Ventures, LLC are Michigan businesses in which Orecchio has a financial interest. The SEC alleges that Orecchio directed $5.7 million to M&J and Lonyo. In any event, Mr. Moses does not challenge the relevance of the requested documents to the underlying case. Rather, he objects to an overly-broad time period, and seeks a protective order that narrows the scope of the information provided "to documents showing the receipt by Mr. Moses and/or Mannecorp

---

[1] The subpoena is attached to the motion as Exhibit A.

of money from defendants, Lonyo, or any other entity that defendants specify." *Motion*, p. 4. He also seeks a protective order limiting disclosure to the parties, their employees and agents, and expert witnesses, and permitting documents to be filed under seal. *Id.*, pp. 4-5.

## II.   LEGAL PRINCIPLES

Fed.R.Civ.P. 26(c) provides that for good cause shown, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court may specify the terms of production, limit disclosure, require that documents be filed under seal, or take any other action that effectuates the purposes of Rule 26(c). The decision to grant a protective order is entrusted to the Court's discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Under Rule 26(c), the granting of a protective order requires a showing of good cause. The burden of establishing good cause for such an order rests with the movant, but such discretion is "limited by the careful dictates of Fed.R.Civ.P.26." *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996); *see also General Dynamics Corp. v. Seib Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied,* 414 U.S. 1162 (1974).

## III.   DISCUSSION

### A.   Scope of Disclosure

As to the time period covered by the subpoena, the SEC has agreed to narrow the scope for the second and third categories of documents (banking and tax records) to "January 1, 2005 to the present." *Response to Motion*, pp. 5-6. I agree that so limiting these documents substantially alleviates any undue burden associated with their production. Therefore, the production of documents requested in categories 2 and 3 of the subpoena will be restricted to a time period from January 1, 2005 to the present.

As to the first category of documents (those relating to Orecchio, AA Capital Partners and other Orecchio companies), the Movant seeks an order restricting disclosure to any documents "showing the receipt by Mr. Moses or Mannecorp of money from defendants, Lonyo or any other entity defendants specify." *Motion* at p. 4. However, such limitation would frustrate the purpose of Fed.R.Civ.P. 26(b)(1), which permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" or, for good cause, "any matter relevant to the subject matter involved in the action." The Rule 26(b) standard of relevance is broader than the concept of "relevance" for purposes of admissibility under Fed.R.Ev. 401. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). The SEC has clearly shown, beyond speculation, that there were substantial transactions between Defendant Orecchio, Mr. Moses and Mannecorp, or companies in which Orecchio had a financial interest. Under the broad scope of Rule 26(b)(1), the Plaintiff is entitled to discovery of the actual relationship between Orecchio and the non-parties, and the full nature of those

transactions, including cash or in-kind transactions. The Movant has not shown good cause, under Rule 26(c), for a protective order limiting the scope of the requested information.

### B.   Confidentiality of Disclosure

Movants request a protective order that "limits disclosure of their bank records and tax returns to the parties (and their necessary employees, officers, experts, agents, and officers) in this Action; (2) requires that documents labeled as 'confidential' be filed under seal if they are necessary to be filed with this Court, the Northern District of Illinois, or any other court; (3) requires parties and other authorized persons who receive documents labeled as confidential to return or destroy them upon the conclusion of this Action; and (4) requires that a party who receives the confidential documents to notify counsel for Mr. Moses and Mannecorp of any subpoena for such documents." *Motion*, pp. 4-5.

Movant has not met his burden of showing good cause for the entry of such a protective order. The cases he cites–*Flaherty v. Seroussi*, 209 F.R.D. 300 (S.D.N.Y. 2002) and *Dubai Islamic Bank v. Citibank*, 211 F.Supp.2d 447 (S.D.N.Y. 2001), are distinguishable. *Flaherty* dealt with financial records of a municipality, and the court ordered the production of the bulk of those records. The only portions of the records found to be "inherently private" were medical and educational records of city employees, and records relating to investigations of city employees. In *Dubai Islamic Bank*, the court did find good cause for entry of a protective order regarding bank accounts of Citibank

customers (who had no relationship to the underlying case), personnel records of employees, and internal bank security procedures.  In the present case, the SEC requests only records relating to Mr. Moses and Mannecorp, both of whom had financial dealings with the Defendants.  Unlike *Flaherty* and *Dubai Islamic Bank*, the Commission does not seek otherwise personal, medical or proprietary information, and the Movant has not shown how he would be harmed by the production of these records to the SEC.[2]

Moreover, the protective order sought by the Movant would impede the SEC's law enforcement function.  The SEC may share information with law enforcement agencies, including United States Attorneys and state prosecutors.  Attached to Plaintiff's *Response* as Exhibit B is SEC Form 1662, which describes "routine uses" of information it gathers through subpoenas, including making "its files available to other governmental agencies, particularly United States Attorneys and state prosecutors."  This document also states, "Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies."  The underlying SEC action is civil in nature.  However, the allegations of fraud suggest possible criminal liability as well.  If the documents requested in this subpoena are relevant to a criminal investigation, the proposed protective order would stymie the SEC in providing that information to the appropriate law enforcement

---

[2] Indeed, the Plaintiff points out that "the Commission is not a private litigant and is subject to unique restrictions.  For example, most Commission employees do not have the authority to speak to the public, let alone the press, about ongoing litigation." *Response to Motion*, p. 8.

agencies. In the absence of the required specific showing of good cause for the entry of a protective order, there is no sound reason for so limiting the SEC's ability to assist other agencies.

Finally, I note that as of the filing of this motion, Judge Gettleman, who is presiding in the underlying case in the Northern District of Illinois, has not seen fit to enter a confidentiality protective order. I am reluctant to enter an order in this District that would impede the proceedings in the Northern District of Illinois, or impinge upon Judge Gettleman's discretion in the underlying case. If the parties seek an omnibus confidentiality order, or an order directing that certain documents be filed under seal, they should obtain that relief in the district having jurisdiction over the action.

For these reasons, and under the terms discussed above, the Motion for Protective Order [Docket #1] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 3, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 3, 2009.

                                                S/Gina Wilson
                                                Judicial Assistant